medical bills incurred as a result of" plaintiff's injury by accident arising out of and in the course of his employment by defendant. The Full Commission adopted the Hearing Commissioner's findings of fact and conclusions of law and affirmed the award.

The judgment entered in superior court contains no reference to any of defendant's exceptions to findings of fact and conclusions of law made by the Hearing Commissioner and adopted by the Full Commission. It recites the matter was heard "on the record on appeal from the Industrial Commission" and adjudges "that the opinion and award of the Industrial Commission in this case be and the same is in all respects sustained." Defendant excepted "(t)o the foregoing judgment" and appealed. The only assignment of error is in these words: "The appellant assigns as error the judgment of Judge Copeland for that the same is unsupported by the facts or the law."

*Paul F. Smith for defendant appellant.*
*No counsel contra.*

PER CURIAM. Defendant's assignment of error does not present the legal question discussed in defendant's brief. *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609; *Glace v. Throwing Co.,* 239 N.C. 668, 80 S.E. 2d 759. Even so, it seems appropriate to say that, according to uncontradicted evidence, plaintiff was entitled to the award. The evidence indicates the award involves a doctor's bill of one hundred dollars and a hospital bill of one hundred dollars.

Affirmed.

---

MARY H. RAINES v. DAISY W. BLACK.

(Filed 17 April 1963.)

APPEAL by plaintiff from *Olive, J.,* December Civil Term 1962 of RICHMOND.

This is an action for damages to plaintiff's automobile arising out of an automobile collision which occurred on 27 October 1961, in the daytime, in a congested community about five miles north of Ellerbe, North Carolina.

The collision occurred at the intersection of Highway No. 73 and the Old Ellerbe Road, a short distance north of the intersection of Highway No. 73 and U. S. Highway No. 220.

DUNES CLUB *v.* INSURANCE CO.

The evidence tends to show that the plaintiff's agent and driver of her car was proceeding north on Highway No. 73 at an excessive rate of speed in a 35 miles per hour zone. Prior to the collision the defendant had pulled her car to the left of Highway No. 73 and had parked it in front of DeWitt's Store, located slightly to the south of the point where the Old Ellerbe Road deadends into Highway No. 73; that the defendant started her car and drove parallel with the highway in a northerly direction until she reached a point opposite the intersection of Highway No. 73 and the Old Ellerbe Road, when she turned right and was proceeding at a very slow rate of speed in an easterly direction to enter the Old Ellerbe Road, the plaintiff's agent drove her car into the defendant's car, practically demolishing both cars.

The issues of negligence and contributory negligence were answered in the affirmative. Judgment was entered accordingly. Plaintiff appeals, assigning error.

*Page & Page for plaintiff appellant.*
*Bynum & Bynum for defendant appellee.*

PER CURIAM.   A careful examination of the record, in our opinion, reveals no prejudicial error that would justify a new trial.

Affirmed.

———

THE DUNES CLUB, INC. v. CHEROKEE INSURANCE COMPANY.
AND
THE DUNES CLUB, INC. v. STATE CAPITAL INSURANCE COMPANY.
AND
THE DUNES CLUB, INC. v.
AMERICAN NATIONAL FIRE INSURANCE COMPANY.
AND
THE DUNES CLUB, INC. v.
MERCHANTS & MANUFACTURERS INSURANCE COMPANY.
AND
THE DUNES CLUB, INC. v.
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD.
AND
THE DUNES CLUB, INC. v.
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD.
AND
THE DUNES CLUB, INC. v. NORTH RIVER INSURANCE COMPANY.
AND